FRANCIS SMITH *v.* R. SMITH AND WIFE.

**Dissolution of Injunction — Damages Therefrom.**

> Where it appears from the records that the defendant is not in fact restrained from proceeding against plaintiff on an order for an injunction damages will not be awarded.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 2, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

The allegations of the petition are sufficient under the *Civil Code* to authorize a court of equity to interpose and to award appellee Ellen Smith a new trial; but the order awarding the injunction

restrains appellee from proceeding with his execution against the estate of Robert and James Smith as well as against Ellen, although the petition contained no allegation that they had any defense to the action, and had shown no cause for opening the judgment against them.

And the order appealed from is in language, we think, sufficiently broad and comprehensive to open the judgment as to all the defendants therein, when it should have been restricted to Robert Smith and Ellen, his wife.

Wherefore, the judgment is reversed and the cause remanded, with directions to discharge the injunction so far as it operates to restrain appellant from proceeding against the estate of Robert and James Smith, and the court below will make such orders in relation to damages on the dissolution of the injunction as may seem proper. If it turns out that appellant was not in fact prevented by reason of the order for the injunction from proceeding against Robert and James Smith to collect his debt, *no damages should* be awarded.